UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANNY JOE BARBER, III,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>PAUL THIMONS and THIMONS LAW PLLC,<br><br>　　　　　　　　Defendants. | CASE NO. 3:24-CV-5723-TMC-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: October 9, 2024 |

Plaintiff Danny Joe Barber, III, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Dkt. 4-1. The Court has considered Plaintiff's proposed complaint and concludes Plaintiff has not stated a claim upon which relief can be granted. The Court also finds leave to amend is not warranted. Accordingly, the Court recommends this case be dismissed for failure to state a claim and Plaintiff's Application to Proceed *In Forma Pauperis* (IFP) be denied.

**I.　　Background**

In the proposed complaint, Plaintiff, a pretrial detainee housed in the Kitsap County Jail ("Jail"), alleges his rights were violated by Paul Thimons, his defense attorney. Dkt. 4-1.

REPORT AND RECOMMENDATION - 1

1 | Specifically, Plaintiff asserts Thimons harassed and questioned Plaintiff about filing a civil
2 | lawsuit. *Id*. Plaintiff also names Thimons Law PLLC as a defendant. *Id*.

3 | **II.    Discussion**

4 | Under the Prison Litigation Reform Act of 1995, the Court is required to screen
5 | complaints brought by prisoners seeking relief against a governmental entity or officer or
6 | employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the
7 | complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to
8 | state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant
9 | who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,
10 | 152 F.3d 1193 (9th Cir. 1998).

11 | To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a
12 | violation of rights protected by the Constitution or created by federal statute, and (2) the
13 | violation was proximately caused by a person acting under color of state law. *See Crumpton v.*
14 | *Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to
15 | identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271
16 | (1994).

17 | To satisfy the second prong, a plaintiff must allege facts showing how individually
18 | named defendants caused, or personally participated in causing, the harm alleged in the
19 | complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350,
20 | 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when
21 | committing an affirmative act, participating in another's affirmative act, or omitting to perform an
22 | act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping
23 | conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d
24 |

REPORT AND RECOMMENDATION - 2

at 633-34. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Plaintiff alleges claims against Paul Thimons, his defense attorney, and Thimons Law PLLC. Dkt. 4-1. As stated above, to state a claim for relief under § 1983, Plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived [him] of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). The United States Supreme Court has held that court-appointed criminal defense attorneys are not state actors, and therefore, are not subject to § 1983 liability when they are acting in the capacity of an advocate for their clients. A "lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under the color of state law' within the meaning of § 1983." *Polk Cty. v. Dodson,* 454 U.S. 312, 318 (1981). While it is not clear if Defendant Thimons was appointed by the state court to represent Plaintiff, it is clear Defendants Thimons and Thimons Law, PLLC, as Plaintiff's criminal defense attorneys, are not state actors. Therefore, they cannot be liable under § 1983 and Plaintiff has failed to state a claim against them.

### III.  Leave to Amend

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Here, any attempt by Plaintiff to amend the proposed complaint would be futile. The named defendants are not proper and additional allegations against these defendants would not cure the deficiencies. As such, the Court finds Plaintiff should not be afforded leave to amend his proposed complaint.

**IV.  Conclusion**

For the above stated reasons, the Court finds Plaintiff has failed to state a claim upon which relief can be granted and leave to amend would be futile. Therefore, the Court recommends this case be dismissed and the dismissal count as a "strike" under 28 U.S.C. §1915(g). The Court also recommends Plaintiff's Application to Proceed IFP be denied.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 9, 2024**.

Dated this 18th day of September, 2024.

David W. Christel
United States Magistrate Judge